IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2019

## HILL BOREN PROPERTIES ET AL. v. RICKY LEE BOREN v. TAMARA HILL ET AL.

### Circuit Court for Madison County
### No. C-17-321

_____

### No. W2019-02128-COA-T10B-CV
_____

Third-party defendants in a lawsuit moved to disqualify the trial judge, asserting that the judge is a material witness in the case and demonstrated bias and prejudice against one of the parties in another case; the trial court denied the motion and the parties filed an expedited interlocutory appeal pursuant to Tennessee Supreme Court Rule 10B.  Upon a thorough review of the petition for recusal appeal and supporting materials, we affirm the decision of the trial court denying the motion for recusal and remand for further proceedings.

### Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the  Circuit Court Affirmed and Remanded

Richard H. Dinkins, J., delivered the opinion of the court, in which D. Michael Swiney, C.J., and Arnold B. Goldin, J., joined.

Tamara L. Hill, Jackson, Tennessee, *Pro Se* Appellant, and as attorney for Appellant, T and T Home Rentals, LLC.

### OPINION

### I. Facts and Procedural History[1]

---

[1]  The facts and history are taken largely from the Petition for Recusal Appeal, which contains a total of 32 exhibits, including copies of documents bearing the stamp of the Circuit Court Clerk and the Madison County Clerk and Master, as well as unverified excerpts of transcripts from depositions and court hearings.  The copy of the Motion to Disqualify which was as an exhibit to the Petition does not include the exhibits referenced therein.

In this Petition for Recusal Appeal, brought pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, Appellants, Attorney Tamara Hill and her client, T and T Home Rentals, L.L.C. ("T and T"), appeal the order denying their motion to disqualify Senior Judge Robert E. Lee Davies from hearing the case. The underlying suit (referred to herein as "the Circuit Court suit") was filed by T. Robert Hill and Hill Boren Properties, against Ricky Lee Boren, the former co-owner of Hill Boren Properties and law partner of Mr. Hill in the firm known as Hill Boren, P.C. In due course Mr. Boren was granted leave to file a third-party complaint against Tamara Hill, who is Mr. Hill's wife, and T and T, and they were added to the suit as third-party defendants.[2]

Appellants moved to disqualify Judge Davies on two grounds: first, that he was a material witness in the Circuit Court suit and, second, that he made certain statements and rulings in a Chancery Court suit in which Ms. Hill represented the defendants that demonstrated bias, prejudice and disrespect toward her.[3] To support the contention that Judge Davies is a material witness in the instant suit, Appellants relied on the occasion at the conclusion of the Chancery Court suit when, at the invitation of Mr. Hill, Judge Davies, along with the plaintiff's counsel and Mr. Hill and his then-counsel, toured the premises in which Hill Boren, P.C., was located; they asserted that this visit made Judge Davies a material witness because the condition of the property is at issue. As the factual basis for the allegation of bias and prejudice, Ms. Hill asserted that Judge Davies "made inappropriate and disparaging comments about and to her during the course of the Chancery Court case" and engaged in conduct that would "give the appearance of impropriety."[4]

---

[2] Hill Boren Properties owned the building in which the offices of Hill Boren, P.C., were located. Tamara Hill and T and T are alleged in the third party complaint to be "unpaying tenant(s)" in the building from January 1, 2017 through July 31, 2019.

[3] The Chancery Court suit referenced in the motion and in the Petition for Recusal Appeal is the case of *Ricky L. Boren, et al. v. Hill Boren, PC*, wherein Mr. Boren and Attorney Jeffrey P. Boyd, sued Hill Boren, P.C., and Mr. Hill over matters related to the ownership, controlling interest, and valuation of the law firm, in anticipation of Mr. Hill's retirement from the active practice of law ("the Chancery Court suit"). At the inception of the suit, James Butler, Chancellor for Madison County, voluntarily recused himself due to his familiarity with the parties; Judge Davies was assigned to hear the case. In due course, the defendants moved to recuse Judge Davies based on his alleged inappropriate ex parte communications with Chancellor Butler and alleged bias against the defendants. Judge Davies denied the motion and the defendants filed a petition for recusal appeal; the Court of Appeals affirmed the trial court's denial on December 21, 2017. *See Boren v. Hill Boren, P.C.*, 557 S.W.3d 542 (Tenn. Ct. App. 2017). The case proceeded to trial on the merits, and the jury rendered a verdict in favor of the plaintiffs on June 28, 2019; a Judgment and Order was entered on August 12, 2019. That order is not included in the materials before us; from another exhibit filed with the petition, we assume that the August 12, 2019 order adopted the jury's verdict and resolved post-verdict matters. Ms. Hill represented the defendants in the Chancery Court suit until May 16, 2019, when she was allowed to withdraw as counsel.

[4] Ms. Hill filed an affidavit with the motion to disqualify in compliance with Rule 10B, section 1.01, giving specific examples of incidents referenced in the motion.

2

The court entered an order on November 14, 2019, in compliance with Tennessee Supreme Court Rule 10B, section 1.03, denying the motion and stating the grounds therefor; Appellants filed an accelerated interlocutory appeal on December 4, 2019, and raise the following issues:

> 1. Did the trial court err in denying the motion for disqualification/recusal in this case?

> 2. Should the issue of recusal be decided by an impartial judge?

## II. Standard of Review

We review the denial of a motion for recusal under a de novo standard of review. Tenn. Sup. Ct. R. 10B section 2.01. The only issue we may consider in a Rule 10B appeal is whether the trial judge should have granted the motion for recusal. *Elseroad v. Cook*, 553 S.W.3d 460, 462 (Tenn. Ct. App. 2018); *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 546 (Tenn. Ct. App. 2017).

## III. Analysis

In an expedited interlocutory appeal pursuant to Rule 10B, the only record the appellate court generally has is the record provided by the appellant with the Petition for Appeal. *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016). Rule 10B requires the appellant's petition to "be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion on the motion, and a copy of any other parts of the trial court record necessary for a determination of the appeal." Tenn. Sup. Ct. R. 10B, section 2.03. After this court received Appellants' petition, we entered an order on December 13, 2019, instructing them to supplement the petition with a complete copy of the order denying the Motion to Disqualify, specifically including the exhibits referenced therein. Appellants filed a Supplement to Petition for Recusal Appeal by Third Party Defendants on December 18, which did not comply with the order. This court entered another order again requesting a complete copy of the order being appealed, and a second supplement was filed which complied with the order. Upon our review of the petition, as supplemented, and the supporting documents, we have determined that the record is sufficient for the summary disposition of the appeal on the merits. *See* Tenn. Sup. Ct. R. 10B, section 2.05.

### A. Material Witness

Appellants' Rule 10B petition states in pertinent part:

Boren has raised a third-party complaint regarding the condition of the property and is blaming Tamara Hill and T and T Home Rentals, LLC for any damages to the property. When all parties met to have the safe drilled, T. Robert Hill noted that there was water damage to his old office, damage of which he had not been informed. It is anticipated that Boren will try to blame Tamara Hill for that damage. Because Judge Davies toured the property on July 31, 2019 with Boren and/or his counsel, but absent Tamara Hill, prior to the safe drilling, he has become a material witness in this case, and thus must recuse himself.

Appellants contend that, because he observed the condition of Hill Boren, P.C., at the conclusion of the hearing in the Chancery Court suit, Judge Davies is a material witness in this case and is required to disqualify himself in compliance with Rules 2.9(C) and 2.11(A)(1)-(2)(d) of the Code of Judicial Conduct, Rule 10 of the Tennessee Supreme Court Rules.[5] We do not agree that the circumstances of his visit are contrary to Rule 2.9 (C) or make him a material witness within the contemplation of Rule 2.11.

In the order denying the motion to disqualify, Judge Davies explained the circumstances which led to his visit to the property:

> Turning to the allegations in the present case in Circuit Court, this case laid dormant until the conclusion of the Chancery Court jury trial in

---

[5] Rule 2.9 in the Code of Judicial Conduct governs ex parte communications and states, in pertinent part:

(C) A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed.

Tenn. Sup. Ct. R. 10, RJC 2.9.

Rule 2.11 of the Code of Judicial Conduct provides, in pertinent part:

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.
(2) The judge knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such person is:
***
(d) likely to be a material witness in the proceeding.

Tenn. Sup. Ct. R. 10, RJC 2.11(A)

4

June 2019. The first complaint raised by Mrs. Hill is that the Court is a material witness to the claims by the parties against each other over the use, failure to pay expenses, and condition of the law office building and storage facility owned by Mr. Hill and Mr. Boren because the Court has seen the building. Notably, the affidavit by Mrs. Hill fails to provide the details. They are as follows:

> At the conclusion of a hearing of the Chancery case on July 31, 2019, Mr. Hill requested the Court to go with him to look at his law office. The Court agreed and met Mr. Hill and Mr. Hall (who was still representing Defendants in the Chancery Court case at the time) at the building. Ms. Luna (who was representing the Plaintiffs) was also present. Mrs. Hill was not present. Mr. Hill never explained the purpose of showing the Court the building other than it was apparent he wanted to show the Court how large his law firm had been at one point in time, and to point out leaks and mold, as everyone toured the building. Mr. Hill indicated he and Mrs. Hill were in the process of vacating the building and the parties were faced with how to proceed regarding the maintenance and control over the building going forward. Apparently, no one on behalf of Mr. Boren had been inside the building since the partners separated their law firm in early 2017, so Ms. Luna took pictures. After the walk-through by Mr. Hill and Ms. Luna, the parties did in fact enter an agreed order which dealt with access to the property and the maintenance thereof.

Appellants do not dispute Judge Davies' recitation of the facts regarding his visit; therefore, we will proceed to determine whether the evidence establishes that Judge Davies is a material witness, such as to require his recusal.

Appellants do not argue that Judge Davies' visit amounted to an ex parte communication within the meaning of Rule 2.9; indeed, aside from a citation to the rule in the petition, Appellants do not provide any explanation as to how that rule requires recusal. There is no evidence that would suggest that his visit to the property during the Chancery Court suit amounted to an independent investigation of the facts related to the Circuit Court suit, as prohibited by the rule.

Judge Davies would be required to recuse himself if he knew that he was likely to be a material witness in the Circuit Court suit. Tenn. Sup. Ct. R. 10, RJC 2.11(A)(2)(d). The allegations of the third-party complaint pertinent to this issue, contained at paragraphs 18 and 21, assert that "[g]reat physical damage was done to the premises owned by Hill Boren Properties during this period of time due to Third Party

5

Defendant['s]. . . actions."[6]  The balance of the third-party complaint asserts claims for Appellants' alleged failure to pay rent, utilities, insurance, or maintenance, and conspiracy to commit fraud and breach of fiduciary duties.

As noted in the order under appeal, *Black's Law Dictionary* defines "material witness" as "a person who can testify about matters having some logical connection with the consequential facts, especially if few others, if any, know about those matters." *Black's Law Dictionary*, 1839 (10th ed. 2014).  In the order, Judge Davies recited that ". . . Mr. Hill requested the Court to go with him to look at this law office. . . . Mr. Hill never explained the purpose of showing the Court the building other than it was apparent that he wanted to show the Court how large his law firm had been at one point in time, and to point out leaks and mold, as everyone toured the building."

Appellants contend that Judge Davies became a material witness in the Circuit Court suit simply by virtue of visiting the premises; we do not agree.  The issues in the Chancery Court suit related to matters arising from the dissolution of the law firm; as noted by Judge Davies, one apparent purpose of his visit was to see how large the law firm had been.[7]  The third-party complaint sought to determine responsibility and to recover for the damage to the property. Appellants have failed to state the matters to which they contend Judge Davies would be a witness, or what he saw on his visit that would be pertinent to the Circuit Court suit and which would replace the requirement that direct evidence of the damage be introduced at the trial of the case.[8]  On the record presented, it is apparent that any knowledge of the condition of the premises that Judge Davies acquired on his visit, which occurred several months before the third-party complaint was filed, did not relate to either determination.

---

[6]  The same allegation was raised in separate paragraphs; due to the identical language in the allegation, they have been consolidated in this opinion.

[7]  The order also notes that Mr. Hill, his then-counsel, and Mr. Boren's counsel were present for the visit.

[8]  In *Tarpley v. Hornyak,* we noted that:

> [A] trial judge has the inherent discretion to take a view of the site of a property dispute, a crime, an accident, or any other location, where such a view will enable the judge to assess the credibility of witnesses, to resolve conflicting evidence, or to obtain a clearer understanding of the issues; however, the view cannot be made to obtain additional evidence or to replace the requirement that evidence be produced at trial with the judge's personal observations of the site."

174 S.W.3d 736 (Tenn. Ct. App. 2004).  Under the circumstances presented, we fail to discern how any observation by Judge Davies on this visit would make him a material witness in the case.

Considering the explanation given by Judge Davies in the order denying the motion, which is not disputed by Appellants, and given the circumstances of his visit to the premises, it is not apparent that Judge Davies would be a witness to any matter that would require his disqualification.

## B. Bias and Prejudice

Appellants next argue that statements Judge Davies made during the course of the Chancery Court suit amounted to bias and prejudice against Ms. Hill, and that he was required to recuse himself in accordance with Rule 2.11(A)(1) of the Code of Judicial Conduct. In his order, Judge Davies noted that each of the instances cited by Appellants in support of this argument arose from the Chancery Court suit. The order stated, in pertinent part:

> Mrs. Hill claims this Court is prejudiced against her because of the way she feels she was mistreated in the Chancery case: Mr. and Mrs. Hill made similar allegations in the Chancery case in Defendants' original motion to disqualify this Court which were dismissed by this Court and affirmed on appeal in 2017.

The contention that Judge Davies should have been recused in the Chancery Court case due to alleged bias and prejudice has been previously presented to and denied by Judge Davies, with the denial affirmed by this court. *See Boren v. Hill Boren, P.C.*, 557 S.W.3d 542 (Tenn. Ct. App. 2017). Thus, *res judicata* bars the relitigation of matters occurring in the Chancery Court suit prior to December 2017; as to any matters occurring in that suit after that date, as noted earlier, judgment in the Chancery Court suit was entered August 12, 2019, and any matter which would present concerns regarding recusal would, presumably, be raised on appeal in that case, and not on the first instance in this case.

Notwithstanding the holding quoted above, Judge Davies addressed at length the factual context underlying each allegation of bias and prejudice made by Appellants. We have reviewed the materials filed with the petition, including the excerpts from transcripts of court hearings, and do not find any evidence which is contrary to the court's statements or which preponderates against the holding.

## C. Tennessee Supreme Court Rule 10B

In reliance on the matters which they contend show bias and prejudice on the part of Judge Davies, Appellants next argue that Judge Davies' "inability to see that he is not impartial" toward Ms. Hill requires another judge to decide the issue of recusal.

The procedures by which a party may seek the disqualification or recusal of a judge are set forth in Rule 10B of the Tennessee Supreme Court Rules. Section 1.01 requires a party seeking disqualification of a judge to do so by filing a written motion supported by an affidavit. After the motion is filed, section 1.03 requires the judge to either grant or deny the motion by written order and provide the grounds for the denial. The party seeking recusal may then appeal the denial of the motion in an accelerated interlocutory appeal pursuant to section 2.01. On appeal, this court reviews the trial court's ruling on the motion for disqualification de novo.

Appellants do not argue that the procedure set forth in Rule 10B was not followed; neither do they dispute any of the court's factual statements in the order. The allegations of bias and prejudice on the part of Judge Davies have been addressed in the preceding section. This matter has been handled consistent with Rule 10B and there is no legal, procedural or factual basis upon which to disregard the procedure set forth in the Rule as sought by Appellants.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court and remand the case for further proceedings.

RICHARD H. DINKINS, JUDGE

8